**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ELAINE McNAMARA** | ) | **CASE NO.** |
| **312 EAGLE CIRCLE** | ) | |
| **ELYRIA, OHIO 44035** | ) | **JUDGE** |
| | ) | |
| **PLAINTIFF** | ) | **COMPLAINT** |
| | ) | **(Jury Demand Endorsed Hereon)** |
| **V.** | ) | |
| | ) | |
| **CITY OF LORAIN** | ) | |
| **200 WEST AVE.** | ) | |
| **LORAIN, OHIO 44052,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

Now comes Plaintiff Elaine McNamara pursuant to Fed. R. Civ. P. 8 and for her complaint against the City of Lorain would show the Court as follows:

## I.     PARTIES

1.  Plaintiff Elaine McNamara is an individual residing Elyria, Ohio and at all times relevant hereto was an employee of Defendant City of Lorain as defined by 42 U.S.C. §2000e(f).

2.  The City of Lorain is a municipality as defined by R.C. 703.01 et seq and is authorized by its City Charter to be a self-governing body in the state of Ohio. At all times relevant hereto Lorain was an employer as defined by 42 U.S.C. §2000e(b).

## II.     JURISDICTION

3.  This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3)

### III.     VENUE

4.   Venue is properly before this Court pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §2000e-5(f)(3) as the events relating to this matter occurred in the Western District of Ohio.

### IV.     ADMINISTRATIVE PREREQUISITES

5.   On March 30, 2023, Plaintiff filed a charge of sex discrimination with the Equal Employment Opportunity Commission bearing Charge No. 532-2023-01893.

6.   More than 180 days have expired since the filling of this charge entitling Plaintiff to file this matter in federal court pursuant 42 U.S.C. §2000e-5(f)(1).

7.   On February 5, 2024, Plaintiff received a Right to Sue letter from the Department of Justice Civil Rights Division. This matter is being filed within 90 days of the receipt of this Right to Sue pursuant to 42 U.S.C. §2000e-5(f)(1).

### V.     BACKGROUND FACTS

8.   Plaintiff was employed by the City of Lorain from August 1, 2022, until the termination of her employment on March 24, 2023, where she was employed as a Utility Worker in the Water Distribution Department. While employed by the City Plaintiff was also a union official.

9.   Among Plaintiff's duties were the preparation, flushing and cleaning of water mains; fix and install valves for utility lines including fire hydrants and turning on / off water service.

10.  Plaintiff was under the supervision of Barry Whitfield, foreman who expressed misogynist comment on Plaintiff's sex stating to her the "women should not be working in the Water Distribution Department but should be working upstairs."

11. He also opined that Plaintiff would not be able to perform the functions of the job.

12. At a later date Whitfield told McNamara that that she should not have her own locker/bathroom in the service bay since it should be saved for the men.

13. In a continued effort to embarrass and humiliate Plaintiff, Whitfield told her numerous city workers that she was sleeping with a co-worker of the Water Department.

14. Plaintiff complained about Whitfield's conduct to James Malick, Department Superintendent on several occasions and how his actions were making it more her job more difficult. Malick dismissed her complaints and failed to have her concerns investigated.

15. After her first sixty (60) days of employment Plaintiff was evaluated and was found to be above average in the several categories used by Defendant.

16. After the next thirty days of work Plaintiff received a ninety (90) day evaluation where she again above average and satisfactory rankings.

17. The second evaluation also assigned a marginal ranting for safety without specifying any specific safety rule violations.

18. Prior to her employment with the City McNamara had completed several OSHA approves safety courses including basic safety training, lead and asbestos removal, confined space, forklift – telescopic boom, ladder and harness training and a medical certification. All of these courses were taught by OSHA approved instructors.

19. Any claim of unsafe work conduct by Plaintiff is a mere pretext for later adverse actions by the City.

20. One of the safety requirements for Utility Workers is to wear a bright color high visibility vest at any worksite where Defendant's employees are in the open.

21. This requirement was known to Plaintiff who maintained several such vests in her locker and dressing room.

22. On or about December 12, 2021, Plaintiff was assigned to drive a city owned truck to a

worksite by Gabriel Ramos. When she went to retrieve a vest before leaving the garage, but she could not find one. She told Jim Malick and Gabriel Ramos she could not find a vest and asked Jim Wyatt, the safety officer to obtain one for her.

23. Despite a lack of a vest, Gabriel Ramos ordered her to drive to the worksite to barricade the street.

24. Upon her arrival at the worksite, Ron Russel began to photograph her as she exited her assigned truck and reported her for failing to wear a high visibility vest.

25. This alleged safety violation was a pretext to justify her termination at the completion of the 180 day probation period.

26. A different safety violation was asserted against Plaintiff when she was observed wearing a single earbud while driving a city truck. While the uses of ear buds violate a city policy, Plaintiff pointed out to Jim Malick and Ron Russel that at least three male employees were wearing ear buds in both ears while driving city trucks of equipment without receiving a safety write up.

27. Barry Whitfield attempted to instigate a fight with a co-worker. This employee came to Plaintiff in her position as Union Steward a to raise this issue. A meeting was scheduled with Plaintiff, the Union president, and this employee.

28. During this meeting Plaintiff was informed by the employee that Whitfield had threatened Plaintiff and her family for having stood up to Whitfield for his misogynist statements.

29. On March 24, 2022, Plaintiff was terminated from her employment without just cause due to sexual discrimination by Defendant on the basis of safety issues.

## VI.    SEX DISCRIMINATION

30. Plaintiff reincorporates the allegations contained in paragraphs 1 through 29 inclusive as if set forth herein.

31. The foregoing conduct of Defendant in the termination of her employment constitutes sex discrimination in violation of The Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1).

32. As a result of Plaintiff's termination, she is entitled to recover lost wages and benefits in an amount to be determined at trial.

33. Plaintiff is also entitled to recover front-pay or future earnings for a reasonable period of time in an amount to be determined at trial

34. Defendant's conduct has also caused Plaintiff to suffer non-economic damages in the form of mental anguish, anger and pain and suffering among other symptoms in an amount to be determined at trial.

35. Defendant's conduct was willful and intentional and warrant an award of punitive damages in an amount to be determined at trial pursuant to 42 U.S.C. §1981a(b).

36. Plaintiff is also entitled to recover her attorneys' fees and the costs of this action in an amount to be determined at trial pursuant to 42 U.S.C. §1988(b) and 42 U.S.C. §2000e-5(k).

WHEREFORE, for the foregoing reasons Plaintiff requests judgment against as follows:

    A.  That Plaintiff be awarded her lost wages and benefits in an to be determined at trial;

    B.  That Plaintiff be awarded future benefits for a reasonable period of time in an amount to be determined at trial;

    C.  That Plaintiff be awarded non-economic damages for her mental anguish, pain and suffering and other damages in an amount to be determined at trial;

    D.  That this Court award Plaintiff punitive or exemplary damages for Defendant's intentional and / or reckless conduct;

    E.  That this Court award Plaintiff her reasonable and necessary attorneys' fees, the costs of this action and pre and post judgment interest; and

    F.  For such other and further relief as may be just and appropriate.

Respectfully submitted,

/s/ F. Benjamin Riek III
F.Benjamin Riek III (0022703)
Law Offices of F. Benjamin Riek III
21 Furnace St., Suite 808
Akron, Ohio 44308
(330) 410-2518
Email: fbenjaminr@msn.com

Counsel for Plaintiff

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 Plaintiff demands a trial by jury on all issues so triable.

/s/ F. Benjamin Riek III